United States District Court

District of Massachusetts

|  |  |
|---|---|
| **Daniel Tavares,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 19-12149-NMG |
| **Commonwealth of Massachusetts,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In August of 2002, Daniel Tavares ("Tavares" or "petitioner") pled guilty in Barnstable Superior Court to a variety of offenses including larceny, uttering a forged document, forgery and attempting to commit a crime.  On the larceny convictions he was given concurrent sentences of not more than 3 years and not less than 2 years in prison.  He was not sentenced to imprisonment on the other convictions.

In August, 2005, the state trial court determined that the Petitioner had violated the terms of his probation (which included conditions akin to supervised release) and sentenced him to serve two years in prison.  That sentence was completed in August, 2007.  During the nearly two decades since his

conviction, Tavares has filed numerous appeals and petitions for post-conviction relief all of which have been denied. See e.g. Tavares v. Commonwealth, 881 N.E.2d 1125 (Mass. 2008); Commonwealth v. Tavares, 874 N.E.2d 506, (Mass. App. Ct. 2007); Commonwealth v. Tavares, 447 Mass. 1011, 852 N.E.2d 65 (Mass. 2006); Commonwealth v. Tavares, 806 N.E.2d 129, (Mass. App. Ct. 2004); In October, 2019, Tavares filed a pro se motion for writ of habeas corpus pursuant 28 U.S.C. § 2254 (Docket Entry No. 1). In June, 2020, this Court allowed the motion of the Commonwealth to dismiss the petition because Tavares was not in custody when it was filed and the petitioner attempted to raise challenges to two different state court convictions in that single petition.

Tavares filed a notice of appeal to the First Circuit Court of Appeals in June, 2020.  The First Circuit has now directed this Court to issue or deny a certificate of appealability with respect to Tavares' petition.  For the following reasons, this Court will deny such a certificate.

I.   **Certificate of Appealability**

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make

a "substantial showing," a petitioner seeking a certificate of appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

Reasonable jurists would not debate whether Tavares' habeas petition should have been decided differently.  Tavares does not allege that he is in custody and his sentences have been complete for over a decade.  Because he is not in custody pursuant to the 2002 state conviction he is challenging, the Court does not have jurisdiction to consider his petition.

**ORDER**

For the foregoing reasons, with respect to Tavares' motion under 28 U.S.C. § 2254 (Docket Entry No. 27), a certificate of appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 20, 2020